## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELISE M. ZOTOS,

     Plaintiff,

v.                                                                    Case No. 8:22-cv-1726-KKM-AAS

U.S. BANK NATIONAL ASSOCIATION
& SPECIALIZED LOAN SERVICING,
LLC,

     Defendants.

_____

## <u>ORDER</u>

Plaintiff Elise M. Zotos sued Specialized Loan Servicing, LLC, (SLS) and U.S. Bank Association as trustee for Credit Suisse First Boston Mortgage Securities Corporation, CSMC Mortgage-Backed Pass-Through Certificates, and Series 2006-6 (U.S. Bank) in state court over their handling of Zotos's mortgage. Zotos now moves to strike each Defendants' affirmative defenses and to dismiss SLS's counterclaim. (Doc. 13; Doc. 17.) Zotos's motion to dismiss is granted because SLS's counterclaim is an impermissible shotgun pleading. Both of Zotos's motions to strike are granted in part and denied in part because—with one exception—the affirmative defenses are not clearly invalid.

## I.   BACKGROUND

Elise Zotos brought her complaint in state court on June 30, 2022. She claims that a mortgage was "purportedly executed by" her in 2005, but that she did not sign the mortgage. (Doc. 1-1 ¶¶ 11, 37.) She alleges that the mortgage was transferred from another mortgage company to U.S. Bank and that SLS services the mortgage. (*Id.* ¶¶ 17–18.) Based on U.S. Bank and SLS's handling of the mortgage, she alleges violations of the Fair Credit Reporting Act, Florida Consumer Collection Practices Act, Dodd Frank Act, and Real Estate Settlement Procedures Act, and requests a declaratory judgment as to the authenticity of the mortgage.

Defendants removed the case to federal court on August 1, 2022, based on federal question jurisdiction. (Doc. 1.) Defendants first answered together, raising fourteen affirmative defenses and bringing one counterclaim for attorney's fees and costs because "Plaintiff's pleadings in this matter violate Fed. R. Civ. P. 11(b)" and "Pursuant to the Note and Deed of Trust." (Doc. 6.) U.S. Bank then moved to amend its answer, which the Court granted. (Doc. 31; Doc. 34.) U.S. Bank's amended answer raises fifteen affirmative defenses and two counterclaims. (Doc. 36.) Zotos moves to dismiss the original counterclaim, (Doc. 17), and strike all of SLS's affirmative defenses in the original answer and all of U.S. Bank's in its amended answer. (Doc. 13, Doc. 38.)

2

## II.   LEGAL STANDARD

### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, the Court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Additionally, complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## B. Motion to Strike Affirmative Defenses

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). In other words, a defense that "points out a defect in the plaintiff's prima facie case is not an affirmative defense"—even if the defendant labels it as one. *In re Rawson Food Serv., Inc.*,

846 F.2d 1343, 1349 (11th Cir. 1988) (emphasis added). Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (Morris, Mag. J.) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002) (Kovachevich, J.); *In re Sunbeam Secs. Litig.*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999) (Middlebrooks, J.)); *see also Belmer v. Ezpawn Fla., Inc.*, 8:20-cv-1470-T-33SPF, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (Covington, J.) (noting that a Court has "broad discretion" to rule on a motion to strike but emphasizing that such motions are "drastic" and are often considered "time wasters" (quotation omitted)).

Thus, an affirmative defense is "insufficient as a matter of law" only if (1) it is patently frivolous on its face or (2) it is clearly invalid as a matter of law. *Belmer*, 2020 WL 7419663, at *1. An affirmative defense is sufficient to overcome a motion to strike if it "puts into issue relevant and substantial legal and factual questions." *Id.*; see also *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Kovachevich, J.)

("[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.").

## III.   ANALYSIS

Zotos moves to dismiss SLS's counterclaim for failure to state a claim because it alleges a cause of action under Federal Rule of Civil Procedure 11, which does not create a cause of action. She also moves to dismiss all of Defendants' affirmative defenses because they "do not admit and avoid the causes of action" and "merely list[] the names of the affirmative defenses without providing any supporting facts." (Doc. 13 at 6; Doc. 38 at 6–7.) Alternatively, she requests that I order Defendants to "provide more definite statements regarding their affirmative defenses." (Doc. 13 at 3; Doc. 38 at 2.)

### A. Motion to Dismiss SLS's Counterclaim

SLS brings one counterclaim entitled "Frivolous Lawsuit and Reimbursement of Attorneys' Fees and Costs Pursuant to the Note and Deed of Trust." (Doc. 6 at 11.) It alleges that Zotos "filed a groundless lawsuit to delay Defendants' right to foreclose" on her house. (*Id.* ¶ 145.) The counterclaim asserts that Plaintiff's pleadings therefore violate Federal Rule 11. (*Id.* ¶ 144.) Additionally, the counterclaim alleges that the note and mortgage give Defendants a right to recover attorney's fees and costs. (*Id.* ¶ 146.)

Zotos argues that this fails to state a claim because Rule 11 does not create a cause of action, but instead authorizes only motions. (Doc. 17 at 6.) SLS agrees. (Doc. 25 at 4.) But, SLS claims, the counterclaim is not *only* based on Rule 11; it is also based on SLS's contractual right to attorney's fees under the note and deed of trust. (*Id.* at 2.) There is one obvious problem with this argument. Where a claim "commits the sin of not separating into a different count each cause of action or claim for relief," it constitutes a shotgun pleading. *See Weiland*, 792 F.3d at 1323. If SLS claims it is entitled to relief under both Rule 11 *and* the contract, those are two separate claims and should be separated into two separate counts.[1] Accordingly, Zotos's motion to dismiss SLS's counterclaim is granted. If SLS wishes to replead its counterclaim in compliance with Federal Rules of Civil Procedure 8 and 10, it may do so by February 15, 2023.

### B. Motion to Strike Affirmative Defenses

Zotos argues each of Defendants' affirmative defenses should be stricken for two broad reasons. She first argues that each affirmative defense "consists of only bare bones, conclusory allegations" "without providing any supporting facts" and fails to "address a specific count in the complaint or clearly indicate that (and aver how) the defense applies to all claims." (*See e.g.*, Doc. 13 at 7; Doc. 38 at 8.)

---

[1] The Court is unaware of legal support for the proposition that Rule 11 authorizes standalone causes of actions. Instead, Rule 11 ordinarily gives rise to motions for sanctions. If SLS intends on moving for sanctions, Rule 11(c)(2) requires a party to do so in a separate motion and Rule 7 makes clear that motions are not to be combined with a pleading.

7

While district courts in this circuit are divided on the question of whether Rule 8(a)(2)'s factual pleading requirements apply to affirmative defenses,[2] I am persuaded that affirmative defenses need not meet Rule 8(a)(2)'s pleading requirements. *See Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats, LLC*, 530 F. Supp. 3d 1167, 1172 (M.D. Fla. 2021) (Mizelle, J.). I rely on the differences in language between Rule 8(a)(2)— requiring a claim for relief to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief"—and Rule 8(c)—requiring the responding parties to "affirmatively *state* any avoidance or affirmative defense." (emphasis added); *see, e.g., Gulfstream Aerospace Corp.*, 530 F. Supp. 3d at 1172 ("These textual differences between Rule 8(a)(2) and Rule 8(c) suggest that the *Iqbal-Twombly* pleading standard, which governs claims for relief, is inapplicable to affirmative defenses."). Thus, Zotos's claim that SLS's and U.S. Bank's affirmative defenses should be stricken for failing to meet the pleading requirements of Rule 8(a)(2) fails.

---

[2] The Eleventh Circuit has not yet resolved the split. *Compare Vigo Importing Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 8:16-cv-1494-T-23JSS, 2016 WL 7104871, at *1 (M.D. Fla. Nov. 15, 2016) (Merryday, J.) ("Rule 8(b)(1)(A), which governs a defense, requires only that a party 'state in short and plain terms its defenses.' Because under the rule's plain language a party need not 'show' any fact to support an affirmative defense, *Twombly*'s sufficient-facts requirement is inapposite."), *with Torres v. TPUSA, Inc.*, No. 2:08-cv-618-FtM-29DNF, 2009 WL 764466, at *1 (M.D. Fla. March 19, 2009) (Steele, J.) ("Affirmative defenses included in an answer are a pleading which must . . . . plead enough facts to state a plausible basis for the claim." (internal citations omitted)). *See generally FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 317–18 (S.D. Fla. 2018) (discussing the two schools of thought and providing numerous examples).

Second, Zotos claims that each affirmative defense "does not admit and avoid any allegations of the complaint." (*e.g.* Doc. 13 at 7; Doc. 38 at 7.) Zotos is correct that a purported affirmative defense that merely "points out a defect in the plaintiff's prima facie case is *not* an affirmative defense"—even if the defendant labels it as one. *See In re Rawson Food Serv., Inc.*, 846 F.2d at 1349 (emphasis added). But where an affirmative defense has been "improperly designated," courts can treat it as a specific denial instead. *See Kearney v. Valley Nat'l Bank*, No: 21-cv-64, 2022 WL 19754, at *4 (M.D. Fla. Jan. 3, 2022) (Mizelle, J.); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1269 (3d ed. 2004) ("In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader."); *Patco Transp., Inc. v. Elmo Greer & Sons, LLC*, No. 5:08-CV-13-Oc-10GRJ, 2008 WL 11336278, at *2 (M.D. Fla. July 17, 2008) (Jones, Mag. J.) ("[T]he federal courts 'have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it were correctly labeled.' " (quoting *Currie v. Dollar General Corp.*, No. 1:05-CV-099-SPM, 2005 WL 1684161, at *1 (N.D. Fla. July 12, 2005)));

Here, SLS's and U.S. Bank's sixth and seventh affirmative defenses—that there were independent and intervening causes and that their actions were not "the producing causes" of Zotos's damages—are properly categorized as specific denials because they "point out a defect" regarding causation in Zotos's claims. *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. Accordingly, I will treat both as specific denials rather than affirmative defenses.

Additionally, Defendants both agreed to withdraw their eighth affirmative defenses, (Doc. 6 ¶ 136; Doc. 36 at 12), contributory negligence. Accordingly, the Court grants Zotos's motions to strike these defenses. But Zotos's additional conclusory arguments do not establish that any of the remaining affirmative defenses are "patently frivolous" or "clearly invalid as a matter of law." *Belmer*, 2020 WL 7419663, at *1. Accordingly, they will not be stricken or treated as specific denials.

Finally, Zotos alternatively requests that I order Defendants to produce a more definite statement. Under Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed." Because I have not ordered Zotos to respond to Defendants' answers or affirmative defenses (and ordinarily a plaintiff may not), a responsive pleading is *not* allowed. Thus, Rule 12(e) is inapplicable and her motion for a more definite statement is denied. *See Fed. Prac. & Proc.*

§ 1376 ("[A] Rule 12(e) motion can now be addressed only to 'a pleading to which a responsive pleading is allowed'; it has no application to other pleadings or motions.")

## IV.    CONCLUSION

Aside from one, U.S. Bank's and SLS's affirmative defenses are not clearly insufficient as a matter of law, but SLS's counterclaim is a shotgun pleading. Accordingly, the following is **ORDERED:**

1.    Plaintiff's Motion to Dismiss SLS's Counterclaim (Doc. 17) is **GRANTED**. Defendants' counterclaim is **DISMISSED** without prejudice. SLS may file an amended answer and counterclaim **by February 15, 2023**.

2.    Plaintiff's Motion to Strike SLS's Affirmative Defenses (Doc. 13) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

3.    Plaintiff's Motion to Strike U.S. Bank's affirmative defenses (Doc. 38) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

4.    The Court strikes SLS's and U.S. Bank's eighth affirmative defenses and treats Defendants' sixth and seventh affirmative defenses as specific denials.

**ORDERED** in Tampa, Florida, on January 31, 2023.

Kathryn Kimball Mizelle
United States District Judge