UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELISE M. ZOTOS,

    Plaintiff,

v.                                                  Case No. 8:22-cv-1726-KKM-AAS

U.S. BANK NATIONAL ASSOCIATION
& SPECIALIZED LOAN SERVICING,
LLC,

    Defendants.
_____

## ORDER

Plaintiff Elise M. Zotos sued Specialized Loan Servicing, LLC, (SLS) and U.S. Bank Association as trustee for Credit Suisse First Boston Mortgage Securities Corporation, CSMC Mortgage-Backed Pass-Through Certificates, and Series 2006-6 (U.S. Bank) over their handling of Zotos's mortgage. SLS counterclaimed for attorney's fees. Zotos now moves to dismiss SLS's counterclaim for failure to state a claim. Because the counterclaim is adequately pleaded, Zotos's motion is denied.

I.    BACKGROUND

Elise Zotos brought her complaint in state court on June 30, 2022. She claims that a mortgage was "purportedly executed by" her in 2005, but that she did not sign the

mortgage. Compl. (Doc. 1-1) ¶¶ 11, 37. She alleges that the mortgage was transferred from another mortgage company to U.S. Bank and that SLS services the mortgage. *Id.* ¶¶ 17–18. Based on U.S. Bank and SLS's handling of the mortgage, she alleges violations of the Fair Credit Reporting Act, Florida Consumer Collection Practices Act, Dodd Frank Act, and Real Estate Settlement Procedures Act, and requests a declaratory judgment as to the authenticity of the mortgage.

Defendants removed the case to federal court on August 1, 2022, based on federal question jurisdiction. Notice of Removal (Doc. 1). Defendants first answered together, bringing one counterclaim for attorney's fees and costs because "Plaintiff's pleadings in this matter violate Fed. R. Civ. P. 11(b)" and "Pursuant to the Note and Deed of Trust." Joint Ans. (Doc. 6). U.S. Bank then moved to amend its answer, which the Court granted. (Doc. 31; Doc. 34.) The Court also granted Zotos's first motion to dismiss the original counterclaim because it was an impermissible shotgun pleading and gave SLS leave to amend the counterclaim to fix its deficiencies. Order (Doc. 41).

SLS now brings one counterclaim for "reimbursement of attorneys' fees and costs pursuant to the note and deed of trust." Am. Counterclaim (Doc. 43) at 3. Zotos moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). MTD (Doc. 46).

2

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, the Court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

3

## III.    ANALYSIS

Zotos moves to dismiss SLS's counterclaim for failure to state a claim because the allegations "are neither a recognized cause of action under any law nor appropriate for a counterclaim." MTD at 7.

Zotos is correct that a counterclaim, like a complaint, must set forth a legally recognized cause of action. MTD at 6. SLS's amended counterclaim does. In its amended counterclaim, SLS asserts that it is entitled to attorney's fees based on the mortgage agreement between the parties. Under Florida law, a pleading for attorney's fees must include "(a) the contractual or statutory basis for an award, (b) why the opposing party should be obligated to pay the award, and (c) the obligation of the moving party to pay his or her attorney." *Carman v. Gilbert*, 615 So. 2d 701, 704 (Fla. 2d DCA 1992) (citing *Blount Bros. Realty Co. v. Eilenberger*, 124 So. 41, (1929)), *overruled on other grounds* 641 So. 2d 1323 (1994).

Here, SLS alleges that provisions in the Note and in the Deed of Trust obligate Zotos to pay SLS's attorney's fees upon certain conditions, including where "there is a legal proceeding that might significantly affect Lender's interest." Am. Counterclaim ¶ 8. SLS also alleges that those conditions have been met, and that it is obligated to pay an attorney, because Zotos instituted this legal proceeding against it. *Id.* ¶ 9. Thus, SLS sufficiently pleads a cause of action for a contractual right to attorney's fees under Florida law.

## IV. CONCLUSION

SLS's counterclaim sufficiently states a claim for relief. Accordingly, the following is **ORDERED:**

1. Plaintiff's Motion to Dismiss SLS's Counterclaim (Doc. 46) is **DENIED.**

2. Plaintiff must answer SLS's counterclaim by **April 17, 2023**.

**ORDERED** in Tampa, Florida, on April 3, 2023.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge