UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELISE M. ZOTOS,**

    **Plaintiffs,**

v.                                                 **Case No. 8:22-cv-1726-KKM-AAS**

**U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.,
CSMC MORTGAGE-BACKED
PASSTHROUGH CERTIFICATES,
SERIES 2006-6; and SPECIALIZED LOAN
SERVICING, LLC,**

    **Defendants.**
_____/

## ORDER

Defendants Specialized Loan Servicing, LLC (SLS) and U.S. Bank National Association, as trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-6 (U.S. Bank) (collectively, the defendants) move to overrule Plaintiff Elise M. Zotos's objections to one interrogatory and one request for production and compel documents and information responsive to the defendants' interrogatory and request. (Doc. 68). Ms. Zotos responds in opposition. (Doc. 69). For the foregoing reasons, the defendants' motion is **DENIED**.

1

## I. BACKGROUND

This action arises over a dispute involving a 2005 mortgage allegedly executed between Ms. Zotos and Taylor, Bean & Whitaker Mortgage Corp. (Doc. 1, Ex. 1, ¶ 11). Ms. Zotos alleges she did not execute this mortgage and initiated this action for damages against U.S. Bank (who now possesses the mortgage) and SLS (who services the loan for U.S. Bank) under state and federal law. (Doc. 1). An April 3, 2023 order denied the defendants' motion to dismiss for failure to state a claim. (Doc. 49).

## II. LEGAL STANDARD

A party may obtain discovery about any non-privileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-T_S, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v.*

2

*Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

On October 12, 2022, the defendants served Ms. Zotos with interrogatories, requests for production, and requests for admissions. (Doc. 68, Ex. 1). Ms. Zotos responded on December 8, 2022,[1] objecting to Interrogatory No. 14 and Request for Production No. 20. (Doc. 68, p. 2).

Interrogatory No. 14 asks: "State whether you have paid your attorney to represent you in this matter and, if so, how much you paid your attorney to date and how you will pay for your attorney in the future." (Doc. 68, p. 3). Similarly, Request for Production No. 20 asks Ms. Zotos to "[p]roduce [her] engagement agreement with [her] attorney in connection with this litigation." (*Id.*). Ms. Zotos objected to Interrogatory No. 14 and Request for Production No. 20 on grounds of relevancy and attorney-client privilege. (*Id.*).

The defendants argue that by "seek[ing] the recovery of attorneys' fees as part of her recoverable damages in all six counts in her Complaint . . .

---

[1] The parties dispute whether Ms. Zotos timely responded to the defendants' discovery requests. (Doc. 68, p. 2 n. 1; Doc. 69, p. 2 n. 1). This dispute appears to have arisen because the defendants emailed their discovery requests to a different email than the account listed as the "Primary E-Mail" on Ms. Zotos's counsel's signature block. *See* (Doc. 68, Ex. 3); (Doc. 10) (where Ms. Zotos's counsel lists his primary email address). The parties do not dispute Ms. Zotos timely responded to the defendants' discovery requests after receiving them. The court therefore concludes the defendants' confusion over the proper email account for which to serve discovery requests on Ms. Zotos excuses any modest delay in Ms. Zotos's response.

3

discovery of attorneys' fees and the fee arrangement between [Ms. Zotos] and her counsel, including the engagement agreement, is relevant in this matter." (Doc. 68, p. 9). The defendants contend this fee arrangement information is relevant both to Ms. Zotos's damages claims and also to "further settlement discussions." (*Id*.). Ms. Zotos responds that neither point is actually "relevant to any of the claims or defenses in this matter" and she should therefore not be required to produce this information. (Doc. 69, p. 5).

No controlling case law has decisively settled the legal question of whether and to what extent fee arrangement information is discoverable before liability is established and courts in this circuit are generally split on the question. *Compare, e.g.*, *Tokraz v. TRG Columbus Dev. Venture, Ltd.*, Case No. 08-60190-CIV, 2008 WL 3850692, at *1 (S.D. Fla. Aug. 14, 2008) ("part of Plaintiff's prayer for relief is his attorney's fees . . . [t]hus, his attorney's fee agreement is relevant to his claim and among the many factors that Defendant must take into account when defending this action."); *Hnis v. SDH Services W., LLC*, Case No. 15-81395, 2016 WL 446541, at *2 (S.D. Fla. Feb. 2, 2016) (affirmatively citing to *Tokraz* for the same proposition); *with Gower v. JP Morgan Chase Bank*, Case No. 8:07-cv-568-T-17TBM, 2007 WL 3202463, at *2 n. 1 (M.D. Fla. Oct. 29, 2007); *Eldredge v. Edcare Mgmt., Inc.*, Case No. 12-61984-CIV, 2013 WL 12131898, at *2 (S.D. Fla. Apr. 2, 2013) (collecting cases

4

on both sides and concluding "[t]he Defendants do not argue that the Plaintiff's fee arrangement with her counsel is relevant to anything other than her claim for attorneys' fees should she prevail on her underlying claims. Under the circumstances, the Court finds that the request is premature at this stage in the proceedings.").

On balance, the court agrees with the line of cases holding requests to produce information about an attorney's fee arrangement before the resolution of the parties' claims are premature where those requests would not produce evidence relating to any substantive claim. *See Blanchard v. Bergeron*, 489 U.S. 87, 93, 109 S. Ct. 939, 944 (1989) (evidence of details of contingency fee arrangement is unnecessary to calculate reasonable attorney's fees). Interrogatory No. 14 and Request for Production No. 20 do not request information that would produce evidence relating to any substantive claim in Ms. Zotos's complaint and the defendants do not argue otherwise. *See* (Doc. 68). Because Interrogatory No. 14 and Request for Production No. 20 only request information about Ms. Zotos's potential claim for an attorney's fee and do not request information related to a substantive claim in Ms. Zotos's complaint, the court concludes Interrogatory No. 14 and Request for Production No. 20 do not seek information relevant and proportional to Ms. Zotos's claims at this

time.[2]

## IV. CONCLUSION

The defendants' motion to compel (Doc. 68) is **DENIED**. However, the competing case law on the legal issue raised in the defendants' motion renders the motion substantially justified. Fed. R. Civ. P. 26(a)(5)(b). The court thus declines to award Ms. Zotos fees for responding to the defendants' motion.

**ORDERED** in Tampa, Florida, on July 27, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] In light of this conclusion, the court declines to reach the issue of whether the information requested in Interrogatory No. 14 and Request for Production No. 20 is protected under the attorney-client privilege.